IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
) CR 8-227
v. ) CV 13-1705

WOODROW HARRISON, III

# OPINION AND ORDER

## SYNOPSIS

Before the Court is Defendant's counseled Motion pursuant to 28 U.S.C. § 2255. Defendant was on state parole when he was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to the federal offense. Defendant was sentenced in this Court on April 16, 2009, to a term of imprisonment of 70 months. At the time of sentencing, the Court did not state whether the federal sentence would run concurrently or consecutively with any other sentence.[1] Subsequently, his state parole was revoked and he was remanded to serve his state sentence. Following the completion of his state sentence, Defendant was transferred to federal prison. Presently, Defendant seeks relief in the nature of a holding that his federal and state sentences are to run concurrently. For the following reasons, the Motion will be denied.

## OPINION

### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United

---

[1] "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 USCS § 3584.

States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

## II. DEFENDANT'S MOTION

The Government contends that Defendant's Motion, filed December 6, 2012, is time-barred.[2] Generally speaking, a Section 2255 Motion must be filed within one year after the date upon which the judgment of conviction becomes final. 28 U.S.C. § 2255. In this case, Defendant pleaded guilty on December 16, 2008; he was sentenced on April 17, 2009. No appeal was taken. On January 23, 2012, Defendant filed a Motion to Amend/Correct Judgment, on the same grounds as now proffered in support of his Section 2255 Motion. I denied the Motion by Order dated August 29, 2012, and indicated that the Motion, if considered under Section 2255, might be deemed untimely.

Presently, Defendant appears to rely on the exception provided by 28 U.S.C. § 2255(f), which provides that a Section 2255 petition may be filed within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court <u>and</u> made retroactively applicable to cases on collateral

---

[2] By Order dated August 29, 2012, I denied Defendant's earlier pro se Motion to Amend/Correct Judgment, which relied on similar grounds. I indicated that the Motion, if considered under Section 2255, would likely be deemed untimely.

2

review. In particular, he proffers Setser v. United States, 132 S.Ct. 1463, __ U.S. ___, 182 L. Ed. 2d 455 (2012), in which the Supreme Court determined that a district court has the authority to render a federal sentence concurrent, rather than consecutive, to an anticipated but unimposed state sentence. Setser, however, does not apply retroactively on collateral review. United States v. Hopkins, No. 6-64, 2013 U.S. Dist. LEXIS 69811 (M.D. Pa. May 16, 2013); see also Smith v. United States, No. 10-216, 2013 U.S. Dist. LEXIS 122348 (D. Md. Aug. 28, 2013). Thus, Setser cannot affect the one-year limitation in this case.

The remaining provisions of Section 2255(f), which provide exceptions to the one-year limitations period, are unavailing or inapplicable here. Defendant's conviction became final well before the filing of this Motion; judgment was entered on April 17, 2009. Moreover, Defendant does not assert that the Government created any impediments to his filing. Finally, Defendant proffers no late-discovered facts, and new case law is not a discoverable "fact" for the purposes of Section 2255(f). Wilder v. United States, No. 3-72, 2011 U.S. Dist. LEXIS 87430, at **17, 20 (W.D. Pa. Aug. 8, 2011). Accordingly, Defendant's Motion is time-barred.

In addition to the time bar, I note that there is no suggestion, either within the present Motion or Defendant's earlier Motion to Amend/Correct sentence, that Defendant has sought administrative remedies. "The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP." Rashid v. Quintana, 372 F. Appx. 260, 262 (3d Cir. 2010); see also United States v. Chiera, No. 5-295, 2012 U.S. Dist. LEXIS 84027 (W.D. Pa. June 18, 2012). Further, the record does not reflect that either the BOP or Defendant has requested my recommendation regarding calculation of Defendant's sentence. Of course, I would consider the parties' positions regarding a request in that regard.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, on the grounds now presented to and disposed of by the Court, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In conclusion, Defendant's Section 2255 Motion must be denied as time barred, and no certificate of appealability shall issue. An appropriate Order follows.

### CONCLUSION

For the foregoing reasons, Defendant has not demonstrated that he is entitled to relief pursuant to Section 2255, and no certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 21st day of March, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court